# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0409, <u>In the Matter of Richard McMenamon and Eileen Rispoli</u>, the court on April 6, 2021, issued the following order:**

The motions by the petitioner, Richard McMenamon, to amend his brief and appendix, to which the respondent, Eileen Rispoli, has not objected, are granted. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The respondent filed this interlocutory appeal from a ruling of the Circuit Court (Garner, J.), see Sup. Ct. R. 8, denying her motion for the appointment of a guardian ad litem (GAL) and for orders relative to GAL fees in a parenting case. The trial court denied the motion on grounds that the parties are indigent, that there were no public funds available for the payment of GAL fees, and that the trial court would not "require a GAL to undertake appointment in this very contested case without a reasonable likelihood of compensation." On appeal, the respondent argues that the trial court erred by not appointing a GAL to be paid by the State pursuant to RSA 490:26-f (2010).[1] We affirm.

We are the final arbiter of the legislature's intent as expressed in the words of a statute considered as a whole. In the Matter of Chrestensen & Pearson, 172 N.H. 40, 43 (2019). We ascribe the plain and ordinary meaning to the words used in a statute. Id. Moreover, we interpret statutes within the context of the overall statutory scheme, and do not construe statutory language in isolation or construe statutes addressing similar subject matter so as to contradict each other. Id.

---

[1] We note that, following the trial court's decision to deny the appointment of a GAL, and prior to filing her interlocutory appeal, the respondent renewed her motion, requesting the appointment of a specific GAL who represented that he had grant money available to cover his fee. The respondent suggested that she intended to appeal the earlier order denying her motion for the appointment of a GAL, and that, should she succeed, the GAL "would seek reimbursement under the terms of the Order from the appeal." The trial court granted the renewed motion, appointing the GAL "on the condition that neither parent will be responsible for repayment of the GAL fees, which will be paid either through [the GAL's] grant or by the State." Accordingly, it appears that, when the respondent filed this appeal, the issue on appeal – whether the trial court erred by earlier denying appointment of a GAL on the basis that there was no available funding – was moot, and that we may have improvidently accepted the appeal. Nevertheless, because the doctrine of mootness is a matter of convenience and discretion, see Batchelder v. Town of Plymouth Zoning Bd. of Adjustment, 160 N.H. 253, 255-56 (2010), we will assume, without deciding, that the appeal is not moot.

RSA 461-A:16, IV(a) (Supp. 2020) provides that, "[w]hen appointing a guardian ad litem to be paid from a state fund, the court shall establish an hourly rate and a maximum fee for the appointment," and that "[n]o funding from a state fund for guardian ad litem fees shall be available to a party whose income is 200 percent or more of the federal poverty level." (Emphasis added.) Prior to 2011, there was a statutory fund, managed by the judicial council, for the compensation of GALs appointed under RSA 461-A:16 when the parents were indigent. See RSA 461-A:17 (Supp. 2010) (amended 2011). Since 2011, however, that statute has provided that "[t]he judicial council shall have no responsibility for the payment of the costs of a . . . guardian ad litem for any party under this chapter." RSA 461-A:17 (2018). Under RSA 461-A:18, I (2018), if a GAL has been appointed in a parenting case "and the responsible party's proportional share of the expense was ordered to be paid by the judicial council from the prior special fund established pursuant to RSA 461-A:17 . . . , the party shall be ordered by the court to repay the state . . . the fees and expenses paid on the party's behalf as the court may order consistent with the party's ability to pay." (Emphasis added.)

The plain language of these statutes concerns the payment of GAL fees from State funds in a private parenting dispute when a GAL has been appointed for indigent parents, and the reimbursement of those payments that were previously made from the now-defunct fund established under RSA 461-A:17 (Supp. 2010). None of these statutes as presently worded authorizes the trial court to appoint a GAL at State expense.

Nevertheless, the respondent argues that the trial court was obligated to appoint a GAL at State expense under RSA 490:26-f, I. In its entirety, RSA 490:26-f provides:

> I.	Unless otherwise provided by law, whenever a guardian ad litem is appointed or ancillary services are approved pursuant to statutory authority or court order and the responsible party or parents are indigent, the state of New Hampshire shall be responsible for compensation for such services from the general fund.
> II.	Notwithstanding other provisions of law to the contrary, the State, by the judicial council, may contract with any person qualified under the supreme court rules to provide guardian ad litem, ancillary, or legal services pursuant to statutory authority or court order, or with any organization approved by the supreme court to provide guardian ad litem, ancillary, or legal services. No such contract shall be effective for longer than 2 years.
> III.	Any guardian ad litem or guardian ad litem program shall be subject to supreme court competence and performance regulations.

IV.     Notwithstanding other provisions of law to the contrary, <u>the supreme court and executive departments statutorily responsible for compensation of guardian ad litem</u>, ancillary, or legal services, <u>when the responsible party or parents are indigent or the court otherwise appoints a guardian ad litem</u> or such attorney, <u>are authorized to effectuate budgetary transfer of funds appropriated for such services</u> between and among themselves as they deem necessary.

V.     The executive director of the judicial council, the commissioner of the department of health and human services, or the judicial branch, as may be appropriate, may authorize payments to such persons or organizations provided for under this section.

RSA 490:26-f (emphasis added).

Read within the context of the statute as a whole and other statutes addressing GAL services, RSA 490:26-f, I, simply provides that <u>when</u> a GAL is appointed pursuant to a statute or court order in a case in which the parties responsible for compensating the GAL are indigent, the State will pay for such services out of the general fund.  Indeed, there are cases to which the State is the moving party in which the trial court is required to appoint a GAL, or in which indigent parents are otherwise legally entitled to publicly-funded GAL services.  <u>See</u> RSA 169-C:10, I (2014) (requiring appointment of GAL in child abuse or neglect cases); RSA 170-C:8 (2014) (requiring appointment of GAL to represent child's interests in all termination of parental rights cases); RSA 170-C:13 (2014) (requiring judicial council to pay cost of GAL in all termination of parental rights cases brought by the State arising from a child abuse or neglect case and in those cases in which payment of the GAL fee would work a hardship on the petitioning party); RSA 604-A:1-a (Supp. 2020) (providing that, in child abuse or neglect cases, GAL costs will be paid from indigent defense fund); RSA 632-A:6, V (Supp. 2020) (requiring appointment of GAL for minor victim in certain criminal sexual assault cases).  The plain meaning of RSA 490:26-f, I, does not, however, entitle parties to a private parenting dispute to publicly-funded GAL services, or otherwise grant trial courts <u>carte</u> <u>blanche</u> authority to charge the State for GAL services in such cases.

The State Constitution vests the legislative branch with the power to make appropriations, and vests the executive branch with the power to expend funds to the extent, and for the purposes, that they have been appropriated by the legislature.  <u>New Hampshire Health Care Assoc. v. Governor</u>, 161 N.H. 378, 386-87 (2011).  The respondent cites no statute entitling parties in a private parenting case to publicly-funded GAL services.  Nor does she argue that the State or Federal Constitutions guarantee her publicly-funded GAL services in this case.  Under these circumstances, we cannot say that the trial court unsustainably exercised its discretion by denying the motion for

appointment of a GAL on the basis that it was not reasonably likely that the GAL would be compensated.  See Conner, 156 N.H. at 252.

Affirmed.

Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**